UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DARREN YOUNGMAN, SR., )
)
        Petitioner, )
)
  v. ) No. 2:17-cv-00415-JMS-DLP
)
WARDEN, )
)
        Respondent. )

**Entry Dismissing Action and Directing Entry of Final Judgment**

Darren Youngman, Sr., seeks a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241(c) (3). For the reasons explained in this Entry, his petition for writ of habeas corpus is **denied.**

### A. Background

In 2006, Mr. Youngman was convicted by a jury in the District of South Dakota of two counts of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a), 2246(2) and 1153, and five counts of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153. He was sentenced to a term of imprisonment of 280 months.

Mr. Youngman challenged his conviction, but not his sentence, on appeal. *United States v. Youngman*, 481 F.3d 1015 (8th Cir. 2007). The Eighth Circuit rejected his arguments and affirmed his conviction on all seven counts. *Id*. In April 2008, Mr. Youngman filed a motion to vacate his sentence under 28 U.S.C. § 2255. He alleged, among other things, that: his trial and appellate counsel provided ineffective assistance of counsel; his sentence was unreasonable and above the statutory maximum; and the district court lacked jurisdiction because federal law does not apply on the Rosebud Indian Reservation, where he committed his crimes. The district court

denied Mr. Youngman's motion. *United States v. Youngman*, No. 3:04-CR-30110, 2008 WL 5193414, at *8 (D.S.D. Dec. 10, 2008).

Mr. Youngman filed a previous petition under § 2241 in the District of South Dakota, arguing that, in 1948, P.L. 80-772 was not legally enacted, nullifying federal courts' general criminal jurisdiction over federal criminal statutes. The district court dismissed Mr. Youngman's petition for lack of jurisdiction, but also noted that his argument had been rejected by other courts. *Youngman v. United States*, No. 3:11-CV-03009, 2011 WL 2312092, at *2 (D.S.D. June 10, 2011).

Mr. Youngman has filed a second petition under § 2241 in this Court, raising four grounds for relief. The Court interprets his first ground—"statutory right to appeal an illegal sentence via 18 U.S.C. § 3742 (a)(1)(2) was lost through a violation of F. R. Crim. P. 32 (C)(5) at sentencing and ineffective counsel"—as an argument that his trial counsel was ineffective for failing to object to the presentence report's inclusion of his criminal history. Mr. Youngman also argues that the district court lacked jurisdiction to convict him because he is a Native American. His final two arguments rely upon the Supreme Court's 2016 decision in *United States v. Mathis*, 136 S. Ct. 2243 (2016). Dkt. 1. The respondent filed a return to the order to show cause on February 15, 2018. The petitioner sought, and received, two extensions of time to file a reply. His last deadline of July 13, 2018, has passed and the petitioner has not filed a reply. The matter is now ripe for review.

**B. Discussion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can collaterally challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). With authorization from the Circuit Court, a prisoner can bring a successive § 2255 motion in limited circumstances, such

as when a "new rule of constitutional law is made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2).

Mr. Youngman, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the savings clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* The Court of Appeals for the Seventh Circuit has identified three requirements to invoke the savings clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport,* 147 F.3d at 611 (referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017). "The petitioner bears the burden of coming forward with evidence

affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman – Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

In 2016, the Supreme Court in *Mathis* clarified the process for determining whether a defendant's prior state-law conviction qualifies as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). 136 S. Ct. at 2248. Here, however, the petitioner was not sentenced pursuant to the ACCA, nor was his sentence enhanced by the career offender enhancement contained in the sentencing guidelines. Rather, his criminal history was referenced in calculating his criminal history score in his presentence investigation report. Dkt. 14. Although the respondent concedes that *Mathis* is a statutory interpretation case, and *Mathis* has been held to apply retroactively,[1] because the petitioner was not sentenced pursuant to the ACCA, or even the analogous sentencing guideline enhancement, the holding in *Mathis* does not apply to his case. He is therefore not entitled to relief on this ground.

The petitioner's two remaining arguments either were, or could have been, addressed in his prior § 2255 motion. First, his argument that the district court lacked jurisdiction because he is a Native American was rejected by the district court in his prior § 2255 motion. *United States v. Youngman*, No. 3:04-CR-30110, 2008 WL 5193414, at *8 (D.S.D. Dec. 10, 2008).

In addition, his related claim that federal courts lack jurisdiction over federal criminal statutes due to legislative defects in P.L. 80-772 could have been raised in his prior § 2255, was raised in his prior § 2241, and has been rejected by other courts. See *Wolford v. United States,* 362 F. App'x 231, 232 (3rd Cir. 2010); *United States v. Farmer,* 583 F.3d 131, 151–52 (2nd Cir. 2009); *United States v. Risquet,* 426 F.Supp.2d 310, 311–12 (E.D.Pa. 2006).

---

[1] *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016); *Pulliam v. Krueger*, No. 16-1379, 2017 WL 104184 (C.D. Ill. Jan. 10, 2017); *Jahns v. Julian*, No. 16-cv-00239, 2018 WL 1566808 2:16–CV–0239–JMS–DLP (S.D. Ind. March 30, 2018).

Next, his argument that his trial counsel failed to object to the inclusion of his criminal history in his presentence report appears to have been raised in his prior § 2255 motion. *Youngman* at *8. If it was not raised in his prior § 2255 motion, it could have been. Furthermore, it was not improper for the presentence report to include Mr. Youngman's criminal history, or for his sentencing range under the sentencing guidelines to be calculated based, in part, upon his criminal history. Fed. R. Crim. Pro. 32(d).

Because these arguments are not based on either new evidence or a new retroactive case of statutory interpretation, and because he has not demonstrated that his conviction or sentence is a miscarriage of justice, the petitioner fails to meet any of the criteria necessary to proceed under § 2241.

**C. Conclusion**

Based on the foregoing, the petitioner has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **DENIED**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, No. 15-2378, 2017 WL 3262282, at *6 (7th Cir. Aug. 1, 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)."). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/15/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DARREN YOUNGMAN, SR.
12753073
GREENVILLE - FCI
GREENVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
PO Box 5000
Greenville, IL  62246

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov